**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **RAYMOND JOSEPH ZBYLUT,** | ) | **CASE NO. 8:10CV73** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **LIBERTY MARITIME, Corp., PHILIP J.** | ) | |
| **SHAPIRO, CEO Liberty Maritime** | ) | |
| **Corp., JOSEPH W. MACEWEN,** | ) | |
| **JASON UNDERHILL, CAPTAIN M/V** | ) | |
| **LIBERTY GRACE, and UNITED** | ) | |
| **STATES COAST GUARD,** | ) | |
| | ) | |
| **Defendants.** | ) | |

Plaintiff filed his Complaint in this matter on February 17, 2010.  (Filing No. 1.)

Plaintiff has previously been given leave to proceed in forma pauperis.  (Filing No. 5.)  The

court now conducts an initial review of Plaintiff's claims to determine whether summary

dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

**I.      SUMMARY OF COMPLAINT**

Plaintiff filed his Complaint in this matter against his previous employer, Liberty

Maritime Corporation ("LMC"), the Unites States Coast Guard ("USCG") and four individual

LMC employees: Philip J. Shapiro, Joseph W. MacEwen, Jason Underhill, and "Captain

M/V Liberty Grace."   (Filing No. 1 at CM/ECF pp. 1-2.)   LMC is a New York-based

commercial shipping company.  (*Id*. at CM/ECF pp. 1, 4.)  Plaintiff currently resides in

Omaha, Nebraska.  (*Id*.)

Condensed and summarized, Plaintiff alleges that his former LMC supervisor, Jason

Underhill ("Underhill"), "hated working with anyone older than himself."  (*Id*. at CM/ECF p.

2.)  Plaintiff is approximately 15-18 years older than Underhill.  (*Id*.)  One day, after a part

broke on the ship that Plaintiff was working on, Underhill screamed obscenities at Plaintiff

and fired him.  (*Id.* at CM/ECF p. 3.)  However, the ship's captain "rescinded the firing" and told Plaintiff to take the day off.  (*Id.*)

One year later, the USCG suspended Plaintiff's license because he had "PTSD" and because he sent a letter threatening to sue LMC.  (*Id.*)  Plaintiff seeks compensatory and punitive damages.  (*Id.* at CM/ECF p. 5.)

## II.   APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. § 1915(e)(2).  The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted.  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim.  *See Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir. 1985).  However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.,* 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

**III.   DISCUSSION OF CLAIMS**

Plaintiff does not bring his Complaint pursuant to any specified law.  Rather, he asks this court to determine if Defendants violated any federal or maritime laws.  (Filing No. 1 at CM/ECF p. 5.)  The court has carefully reviewed Plaintiff's Complaint and will now analyze whether Plaintiff's allegations are sufficient to invoke this courts jurisdiction and whether they are sufficient to state a claim upon which relief may be granted.

*A.     Diversity of Citizenship Jurisdiction*

As set forth by the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. Pro. 12(h)(3).   Subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction.  For purposes of 28 U.S.C. § 1332, "diversity of citizenship" means that "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001) (citation omitted).  In addition, the amount in controversy must be greater than $75,000.00 for diversity of citizenship jurisdiction. 28 U.S.C. § 1332(a).

Here, Plaintiff does not allege an amount in controversy or the citizenship of the individual Defendants.  (Filing No. 1 at CM/ECF pp. 1-6.)  Thus, Plaintiff has failed to establish diversity of citizenship jurisdiction as a basis for jurisdiction in this matter.

*B.     Federal Question Jurisdiction*

In addition to diversity of citizenship jurisdiction, subject matter jurisdiction can also be established when a plaintiff asserts "[a] non-frivolous claim of a right or remedy under a federal statute," commonly referred to as "federal question" jurisdiction. *Northwest South Dakota Prod. Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986).     Liberally

construed, Plaintiff's allegations assert a claim under the Age Discrimination in Employment Act ("ADEA").

The ADEA prohibits employers from discriminating against employees on the basis of age. 29 U.S.C. § 623(a)(1). To establish a prima facie claim of age discrimination, a plaintiff must show he (1) was at least forty years old; (2) was terminated; (3) was meeting the employer's reasonable expectations at the time of the termination; and (4) was replaced by someone substantially younger. *Mayer v. Nextel West Corp.*, 318 F.3d 803, 807 (8th Cir. 2003); *see also Haas v. Kelly Servs., Inc.*, 409 F.3d 1030, 1035 (8th Cir. 2005). In addition, a plaintiff must show "intentional discrimination against the plaintiff on account of the plaintiff's age." *Rothmeier v. Investment Advisers, Inc.*, 85 F.3d 1328, 1331 (8th Cir. 1996). A plaintiff can prove intentional discrimination by either presenting direct evidence of discrimination based on age or by presenting circumstantial evidence. *Id.* at 1332 (citations omitted).

Plaintiff alleges that Underhill fired him. (Filing No. 1 at CM/ECF pp. 2-3.) Plaintiff also alleges that he is 15-18 years older than Underhill who "hated working with people older than himself." (*Id.* at CM/ECF p. 3.) However, Plaintiff does not allege his age at the time of his termination, that he was meeting LMC's legitimate expectations, or that he was replaced by someone substantially younger. Moreover, it is entirely unclear if Plaintiff was actually fired because his captain "rescinded the firing." (*Id.*) In short, Plaintiff's allegations are not sufficient to state an ADEA claim.

*C. Admiralty Jurisdiction*

Although Plaintiff failed to establish diversity of citizenship jurisdiction and failed to state a ADEA claim upon which relief may be granted, he may be able to invoke this court's admiralty jurisdiction for a common law tort claim. The Constitution extends federal judicial

4

power "to all Cases of admiralty and maritime Jurisdiction." U.S. Const. art. III, § 2. Congress has codified admiralty and maritime jurisdiction at 28 U.S.C. § 1333(1), which gives federal district courts "original jurisdiction . . . of . . . [a]ny civil case of admiralty or maritime jurisdiction . . . ." 28 U.S.C. § 1333(1); *see also Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 531-32 (1995).

In order to invoke federal admiralty jurisdiction over a tort claim, a party must show: (1) that a tort occurred on navigable waters or that injury suffered on land was caused by vessel on navigable water, and (2) that incident has potentially disruptive impact on maritime commerce and that general character of activity giving rise to incident shows substantial relationship to traditional maritime activity. *In re Ingram Barge Co.*, 435 F.Supp.2d 524, 527-28 (E.D. La. 2006).

It is unclear whether the incident Plaintiff complains of occurred on navigable waters. (Filing No. 1 at CM/ECF pp. 1-6.) Moreover, even under the most liberal construction, Plaintiff's factual allegations are insufficient to establish a common law tort claim. As discussed above, a complaint must allege specific facts sufficient to state a claim. *See Martin*, 780 F.2d at 1337.

Despite the deficiencies discussed above, on its own motion, the court will grant Plaintiff 30 days in which to amend his Complaint to sufficiently allege a claim against Defendants. Any amended complaint shall restate the allegations of Plaintiff's prior Complaint (filing no. 1), and any new allegations. Failure to consolidate all claims into one document will result in the abandonment of claims. If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, Plaintiff's claims against Defendants will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

IT IS THEREFORE ORDERED that:

1.      Plaintiff shall have until **May 3, 2010**, to amend his Complaint and clearly state a claim upon which relief may be granted against Defendants in accordance with this Memorandum and Order.  If Plaintiff fails to file an amended complaint, Plaintiff's claims against Defendants will be dismissed without further notice for failure to state a claim upon which relief may be granted;

2.      In the event that Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the current Complaint (filing no. 1) and any new allegations.  Failure to consolidate all claims into one document may result in the abandonment of claims;

3.      The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on May 3, 2010; and

4.      Plaintiff shall keep the court informed of his current address at all times while this case is pending.  **Failure to do so may result in dismissal without further notice.**

DATED this 5th day of April, 2010.

                                        BY THE COURT:


                                        s/Laurie Smith Camp
                                        United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.