IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **RAYMOND JOSEPH ZBYLUT,** | CASE NO. 8:10CV73 |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER |
| **LIBERTY MARITIME, Corp., PHILIP J. SHAPIRO, CEO Liberty Maritime Corp., JOSEPH W. MACEWEN, JASON UNDERHILL, CAPTAIN M/V LIBERTY GRACE, and UNITED STATES COAST GUARD,** | |
| Defendants. | |

This matter is before the court on its own motion. On April 5, 2010, the court conducted an initial review of Plaintiff's Complaint and found that Plaintiff failed to state a claim upon which relief may be granted. (Filing No. 6.) However, the court permitted Plaintiff the opportunity to amend. (*Id*. at CM/ECF p. 4.) On March 12, 2010, Plaintiff filed an Amended Complaint. (Filing No. 7.)

In his Amended Complaint, Plaintiff raises an age discrimination claim and a disability discrimination claim. (*Id*. at CM/ECF p. 3.) For the reasons discussed below, Plaintiff's Amended Complaint also fails to state a claim upon which relief may be granted.

**I.   SUMMARY OF AMENDED COMPLAINT**

Plaintiff filed his Amended Complaint against his previous employer, Liberty Maritime Corporation ("LMC"), the United States Coast Guard ("Coast Guard") and four individual LMC employees: Philip J. Shapiro, Joseph W. MacEwen, Jason Underhill and "Captain M/V Liberty Grace." (Filing No. 7 at CM/ECF pp. 1-2.) LMC is a New York-based

commercial shipping company. (*Id*. at CM/ECF pp. 1, 2, 5.) Plaintiff currently resides in Omaha, Nebraska. (*Id*. at CM/ECF p. 2.)

Condensed and summarized, Plaintiff alleges that his former LMC supervisor, Jason Underhill ("Underhill"), "hated working with anyone older than [himself]." (*Id*. at CM/ECF p. 9.) One day, a part broke on the ship that Plaintiff was working on and Underhill became angry with Plaintiff and fired him. (*Id*. at CM/ECF p. 10.) However, that same day the ship's captain told Plaintiff he was not going to be fired and gave Plaintiff two days off to let Underhill "cool off." (*Id*.) Plaintiff later finished his voyage and was "paid off [t]he vessel." (*Id*.)

Approximately one year later, Joseph MacEwen ("MacEwen"), LMC's "designated person ashore," sent a letter to the Coast Guard Investigations Division informing them that Plaintiff was a danger to the "safety of the vessel, cargo and crew" because of his "PTSD." (*Id*.) After receiving this letter, the Coast Guard required Plaintiff to surrender his Engineer's License. (*Id*.) Plaintiff seeks compensatory and punitive damages because he lost his Engineer's License and his livelihood. (*Id*. at CM/ECF p. 7.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.,* 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

### III.  DISCUSSION OF CLAIMS

#### A.  *ADEA Claim*

Liberally construed, Plaintiff's Amended Complaint claims that he was discriminated against because of his age in violation of the Age Discrimination in Employment Act ("ADEA"). (Filing No. 7.) The ADEA makes it unlawful for employers "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). The Supreme Court recently clarified the burden of proof in ADEA cases:

> We hold that a plaintiff bringing a disparate-treatment claim pursuant to the ADEA must prove, by a preponderance of the evidence, that age was the "but-for" cause of the challenged adverse employment action. The burden of persuasion does not shift to the employer to show that it would have taken

the action regardless of age, even when a plaintiff has produced some evidence that age was one motivating factor in that decision.

Gross v. FBL Fin. Servs, 129 S. Ct. 2343, 2352 (2009). Stated another way, "'[t]o establish a claim under the ADEA, a plaintiff must show that [his] employer intentionally discriminated against [him].'" Wagner v. Geren, No. 8:08CV208, 2009 WL 2105680, *4 (D. Neb. July 9, 2009) (quoting Ziegler v. Beverly Enters.-Minnesota, Inc., 133 F.3d 671, 675 (8th Cir. 1998)). Evidence of age as the "but-for" cause "may be direct or circumstantial." Gross, 129 S. Ct. at 2351.

Here, Plaintiff has not alleged sufficient facts to suggest that his employer intentionally discriminated against him. Plaintiff was never actually fired and was "paid off [t]he vessel" after his voyage ended. (Filing No. 7 at CM/ECF p 10.) In addition, Plaintiff does not allege facts to suggest that his captain discriminated against him on the basis of his age by giving him two days off to let Underhill "cool off." In short, Plaintiff's factual allegations do not allow the court to reasonably infer that his employer violated the ADEA. See Ashcroft, 129 S. Ct. at 1950.

### B. ADA Claim

Liberally construed, Plaintiff's Amended Complaint also claims that he was discriminated against in violation of the Americans with Disabilities Act ("ADA"). See 42 U.S.C. §§ 12101-12213. An employee who seeks relief under the ADA must establish that he is disabled within its meaning, that he is qualified to perform the essential functions of his job with or without reasonable accommodation, and that he suffered an adverse employment action in circumstances that give rise to an inference of unlawful discrimination based on disability. Dropinski v. Douglas County, Neb., 298 F.3d 704,

4

706-07 (8th Cir. 2002). The employee retains the burden of persuading the trier of fact that he has been the victim of illegal discrimination due to his disability. *Benson v. Northwest Airlines, Inc.*, 62 F.3d 1108, 1112 (8th Cir. 1995).

A person is disabled within the meaning of the ADA only if that person demonstrates that he has a physical or mental impairment which substantially limits one or more of his major life activities, that he has a record of such an impairment, or that he is regarded as having such an impairment. *Amir v. St. Louis University,* 184 F.3d 1017, 1027 (8th Cir. 1999). "Major life activities under the ADA are basic activities that the average person can perform with little or no difficulty, including 'caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working.'" *Battle v. United Parcel Serv., Inc.*, 438 F.3d 856, 861 (8th Cir. 2006) (quoting 29 C.F.R. § 1630.2(i)).

Here, Plaintiff alleges that MacEwen sent a letter to the Coast Guard Investigations Division to inform them that Plaintiff "was a danger to the safety of the vessel, cargo and crew" because of his "PTSD." (Filing No. 7 at CM/ECF p. 10.) After receiving this letter, the Coast Guard required Plaintiff to surrender his Engineer's License. (*Id*.)

To the extent that Plaintiff alleges that MacEwen's letter was an act of unlawful discrimination based on his disability, his allegation is misplaced. First, it is unclear whether Plaintiff was employed by LMC at the time MacEwen sent the letter. In fact, Plaintiff clearly alleges that his license was revoked after he completed his work for LMC. (*Id*.)

Second, even if MacEwen sent the letter while Plaintiff was employed by LMC, the Coast Guard required Plaintiff to surrender his Engineer's license, not LMC. (*Id*.) Any

5

challenge to the revocation or suspension of Plaintiff Engineer's license by the Coast Guard would be governed by the Administrative Procedure Act ("APA"). *See Supra* Part III.C. Accordingly, Plaintiff has failed to allege an ADA claim upon which relief may be granted.

### C. APA Claim

In light of the findings above, the court liberally construes Plaintiff's Amended Complaint to allege a claim against the Coast Guard under the APA for requiring him to surrender his Engineer's License. Pursuant to 46 U.S.C. § 7701, the Coast Guard may suspend or a revoke a merchant mariner's license to promote safety at sea. Such a suspension or revocation is a formal adjudication under the APA, an act that authorizes judicial review of "final agency action." 5 U.S.C. § 704; 46 C.F.R. § 5.501. However, if there is no "final agency action," as required by the controlling statute, a court lacks subject matter jurisdiction. *Veldhoen v. U.S. Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994).

Here, it is unclear whether Plaintiff's license was surrendered voluntarily or whether it was suspended or revoked through an administrative hearing. (Filing No. 7 at CM/ECF p. 10.) If Plaintiff surrendered his license voluntarily, he may be able to regain it by establishing that he is fit for sea duty. *See Juan v. Grace Line, Inc.*, 299 F.Supp. 1259, 1263 (S.D.N.Y. 1969) (noting that a seaman may deposit his license voluntarily with the Coast Guard where there is evidence of mental or physical incompetence, and that such license may be returned whenever the seaman is reexamined); *see also* 46 C.F.R. § 5.201 (providing that voluntary deposits are accepted on the basis of a written agreement which specifies the conditions upon which the Coast Guard will return the credential to the

6

holder). Plaintiff has not alleged that he is fit for sea duty or that he has attempted to regain his license.

If Plaintiff's license was suspended or revoked, he was required to follow the administrative procedures set forth in 46 U.S.C. § 7702. Plaintiff failed to allege, and the record does not show, that he followed these procedures. Consequently, Plaintiff has failed to allege facts to establish he exhausted his administrative remedies or that the Coast Guard issued a "final" action regarding his license.

In sum, Plaintiff has failed to allege sufficient facts to establish this court's subject matter jurisdiction with regard to his APA claim and it must be dismissed.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Amended Complaint (Filing No. 7) is dismissed without prejudice: and

2. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 1st day of June, 2010.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.